Henrickson, impl. etc. *v.* Van Winkle.

EDWARD S. HENRICKSON, impleaded, etc., Plaintiff in Error,
*v.* RANSOM VAN WINKLE, Defendant in Error.

ERROR TO MORGAN.

A release of errors, by one of several defendants to a record, where the error only relates to the party who executes the release, is good.

A party to a record cannot release an error which is personal to another party, nor can one party urge an error which is personal to another.

Where one of several defendants was not served with process, but judgment was nevertheless entered against him with the others, he may release the error.

HENRICKSON, who had been sued in the same action with Harry Reinback and Hiram Van Winkle, sued out this writ of error to reform a judgment which had been rendered in the Circuit Court of Morgan county. The state of the record in the Circuit Court, is stated in the opinion of this court.

In the Supreme Court, on the return of the process, the defendant in error pleaded, " that as to any errors assigned in the record and proceedings in this case, touching the rights or responsibilities of Harry Reinback and Hiram Van Winkle, impleaded with the said Edward S. Henrickson, in the court below, the said Ransom Van Winkle says, plaintiff *actio non*, because said defendant says, that before the institution of any proceedings in error in this case, to wit: at the county of Morgan, and State of Illinois, on the twenty-second day of December, in the year of our Lord one thousand eight hundred and fifty-seven, the said Harry Reinback and Hiram Van Winkle, in the name and by the style of ' H. Reinback,' and ' H. J. Van Winkle,' executed and delivered a release, here in court ready to be produced, jointly and severally releasing to the said defendant and assigns, any and all errors in the record and proceedings aforesaid, so far as they might affect the said Harry Reinback and Hiram Van Winkle, or either of them ; all of which the said defendant is ready to verify, etc."

The plaintiff in error moved the court to strike the above plea from the files ; because there was not anything contained in said plea, to warrant in law a release of errors touching the right of the plaintiff in error.

W. D. WYATT, for Plaintiff in Error.

D. A. AND T. W. SMITH, for Defendant in Error.

WALKER, J. This was an action of assumpsit commenced by Ransom Van Winkle against Edward S. Henrickson, H.

Reinback and Hiram Van Winkle, in the Morgan Circuit Court, to the October term, 1857, on a promissory note. A summons was issued and served on Reinback and Henrickson, and no return as to Van Winkle. At the return term the defendant Henrickson, filed the general issue, on which issue was joined, and by consent the court tried the cause without the intervention of a jury, and found the issue for the plaintiff, and assessed the damages at $251.17. Defendants Reinback and Van Winkle were called and a default entered against them, and a judgment was rendered against all the defendants for the amount of the damages so assessed. And Henrickson brings this writ of error to reverse this judgment. To this writ of error the defendant in error pleads a release of all errors, executed by Reinback and defendant Van Winkle before the writ was issued. To this plea, plaintiff in error filed a demurrer, on which there was a joinder.

This demurrer presents the question, whether a release of error executed by a portion of the defendants to the record, is sufficient without the concurrence of the others. This we have no doubt may be done in all cases where the error complained of relates alone to the party executing the release. If the error is personal to him alone, no one else has a right to object if he chooses to waive his privilege of insisting upon it. And if by his releasing such error the record becomes regular, there is then nothing of which his co-defendant can complain. But one party has no right to release an error which is personal to another party to the record, nor can one party urge an error personal to another party.

If in this case there was an error in not empanneling a jury to assess the damages after default was entered, which is by no means conceded, no person was injured or had a right to complain but Reinback and Hiram Van Winkle. If that proceeding had been erroneous, Henrickson was not injured by it, as he had expressly waived a jury to pass upon his rights. The other defendants would alone have a right to complain, and had the undoubted right to release the supposed error, and when they did so, they only waived, as he had already done, a trial by jury. By their doing so, Henrickson sustained no wrong, and was deprived of no legal right.

It was, however, clearly erroneous to enter a default, and to render a judgment against Hiram Van Winkle, who had not been served with process, and who had not entered any appearance to the action. But it was an error which could injure no one but himself, and he had, if he chose, an unquestioned right to have insisted upon it, or to release it, as he might choose. The plea alleges that he adopted the latter course, which is

admitted by the demurrer, and the other defendants have no right to complain of his exercising this legal right.

This plea professes to be a bar to the entire cause of action, and would not be good if there are any errors in the record which could not be released by the defendants executing the release. But on a careful examination of the record, we perceive none but such as affected the defendants who executed the release, and when they executed it, the record and judgment became regular and binding on all the defendants. The plea, we therefore think, presents a complete bar to the writ of error, and plaintiff not showing that he has anything to reply to the plea, judgment of affirmance is rendered on the demurrer in favor of the defendant in error, and the judgment of the court below is affirmed.

*Judgment affirmed.*