ELISHA RUCKMAN *et al.*

*v.*

HUGH M. ALWOOD *et al.*

1. ERRORS — *what may be pleaded as a release of.* Where a party recovering a judgment, or decree, voluntarily accepts the benefits thereof, knowing the facts, he is thereby estopped to afterward reverse such judgment or decree. The acceptance operates, and may be pleaded, as a release of errors.

2. ATTORNEY AND CLIENT — *relations of — powers of attorney.* An attorney usually has the power to receive his client's money in a case in which he is employed, and this, by virtue of his retainer. The fact of employment implies such authority, unless limited, and even then a client would be bound, unless the party paying the money to the attorney, had notice of the limitation.

3. SAME — *power of attorney ceases with the termination of the relation.* The power of an attorney ceases upon the termination of the relation, after which any, and all acts of an attorney, whether in the matter of receiving the benefits of a judgment, or decree, releasing errors of record, or otherwise, are unwarranted, being without authority, and therefore do not bind the client.

WRIT OF ERROR to the Circuit Court of Peoria county; the Hon. JAMES HARRIOTT, Judge, presiding.

The opinion states the case.

Mr. B. S. PRETTYMAN, for the plaintiffs in error.

Messrs. WEED & JACK, for the defendants in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was a bill in chancery filed in the court below by defendants in error, against plaintiffs in error, to redeem the lands described in the bill, from a conveyance claimed to have been a mortgage. On the hearing below, the deed was declared to be a mortgage, and the sum loaned, with interest, was decreed to be paid, and a conveyance to defendants in error. To reverse that decree, a writ of error was prosecuted by defendants below. On filing the record in this court they assigned errors.

The defendants in error appeared and filed a plea of release of errors. It averred that they, in pursuance to the decree, had paid the money found by the court, into the hands of the circuit clerk for the use of plaintiffs in error. That they afterward, on the 17th day of October, 1862, accepted and received from the clerk $500, a part of the sum so paid into the hands of the clerk, whereby they released the errors in the record in this case. To this plea a replication was filed by plaintiffs in error, denying that they received that or any other sum of the money so in the hands of the clerk. An issue was joined to the country, and an order was entered referring it to the court below to impanel a jury, and try the issue thus formed. The record of the pleadings and order of this court was certified to the court below, and a jury was impaneled, and a trial was had, and the jury returned a special verdict, which is certified to this court.

The jury, by their special verdict, finds that Purple was of counsel for plaintiffs in error on the trial in the Circuit Court; that he was discharged by plaintiffs in error before the money

was paid to the clerk; that plaintiffs in error designed to take the case to the Supreme Court, and refused to receive the money when it was paid to the clerk; that Purple afterward sued plaintiffs and levied on their lands for his fee; that Purple afterward got the money of the clerk with full knowledge of all of these facts, but claiming to do so as attorney of plaintiffs in error; that Purple had no directions or authority from plaintiffs in error to receive the money; that they never ratified the act; did not know of it at the time, and never designed to accept the money, but designed to reverse the decree in the Supreme Court.

The evidence returned with the special verdict fully sustains all the facts which the jury have found. The question then arises whether the facts sustain the plea. It is the settled doctrine of this court, that where a party recovering a judgment or decree, accepts the benefits thereof voluntarily and knowing the facts, he is estopped to afterward reverse the judgment or decree on error; that the acceptance operates as and may be pleaded as a release of errors.

It is a rule of uniform application, that what a person does by another he is considered as doing by himself. But to be binding, that other must be fully empowed to act. If such authority is wanting, the act will not be binding on the person for whom it purports to be done. An attorney usually has power to receive his client's money in a case in which he is employed. And he may do so by virtue of his retainer. The fact that he has been employed implies the authority, unless it has been limited, and even then he will be bound by the acts of the attorney unless the party paying the money has notice that he does not have authority to act. But inasmuch as the power grows out of the relation of attorney and client, the power, of course, ceases when the relation ceases. After it has terminated, the attorney has no more power to act than any other person.

It is only by virtue of a power that one person can bind another. As to the latter, unauthorized acts are not binding. It is true, that cases may exist where the power does not exist,

and still the principal has so acted that power will be inferred, and he will not be heard to deny it. But in this case the jury find that there was no such power, and that the relation of attorney and client had ceased; that the attorney had acted contrary to the wishes of his client, and that the receiving of the money was never ratified or approved. The act being unauthorized, it must be treated as any other unwarranted act. The fund was deposited with a receiver of the court for the use of a party to the suit, and the receiver was bound to see to it when he parted with the fund that the person to whom it was paid was invested with authority to receive it. It would be a dangerous power to confer upon an attorney who had ceased to act as such in a case, afterward, without a new retainer, to release errors of record, by receiving the fruits of a decree without any authority. No one would say, that, had Purple, at the time he received this money, executed a release of errors and delivered it to defendants in error, it would have been binding. And no difference in principle is perceived in the two cases. There would be equally a want of authority in both cases, and they would be invalid. The facts found by the jury fail to sustain the averments in the plea. And the issue is for plaintiffs in error, and, defendants in error having failed on their plea, the decree of the court below must be reversed and the cause remanded.

*Decree reversed.*