# HENRY H. HORNER

## v.

## CATHERINE ZIMMERMAN et al.

1. WANT OF SERVICE — *an error personal to the parties not served.* Where a bill of review was filed to reverse a decree in chancery, only charging that the ancestor of the complainants in the bill of review was not served with process, those complainants cannot make the point in the Supreme Court that other parties were not served, as a reason for setting aside a decree; for it appears that if the others were not served, it is for them to complain, and the error is personal to them, with which others can have no concern.

2. SERVICE OF PROCESS — *what the record must show.* And in such a case, where the record shows a return of service on the ancestor of the complainants indorsed on the process, by leaving a copy with his wife, a member of his family, and is in all respects formal, it is sufficient.

3. RECITALS OF RECORD — *when considered sufficient.* Where the record recited that one defendant to a bill of foreclosure was defaulted on a failure to answer as ruled by the court, " and the other defendants having answered admitting the allegations of the bill of complaint, it was, therefore, ordered, adjudged and decreed by the court that the same be taken as confessed by all of said defendants, and that the cause be referred, etc.,"— *held,* that, while this was a very inaccurate and informal mode of making out a transcript of a record, not containing the answers, still the Supreme Court will infer from it that the answers were filed and were before the court; and if they were not filed, it follows that the other branch of the statement is the true one, namely, that the bill was taken as confessed against all the defendants, since service on them is recited.

4. BILL OF REVIEW — *necessary allegations of.* The settled doctrine is, that a bill of review must either deny the justice of the demand established by the decree sought to be reviewed, or the complainants must allege that they have paid it and the costs, or else give a reason for omitting to do so.

5. SAME — *when this objection must be made.* But an objection of this kind should be made in the court below by a motion not to receive the bill; and where answers were filed and the case went to a hearing on its merits, it was held that the defendants had treated it as a bill properly filed, and must be bound by it.

6. CREDITORS — *their rights in chancery.* Where some of the complainants in a bill of review were simply contract creditors of the defendant in the decree which was attacked, and some of those who answered the bill of review were also creditors of the same person, but did not show that they had any judgments, it was *held,* that neither of these classes of creditors had any status in a court of equity even to file a creditor's bill, and that the bill of

review must stand or fall on its own merits and could not be converted into a creditor's bill.

7. FRAUDULENT DEED — *conclusive as to the grantor and his heirs.* Though a deed may be fraudulent and void as to the creditors of the grantor, it is valid and binding as to the grantor himself, and his heirs cannot set it aside; and if set aside by other parties they can have no interest in any controversy arising thereon, whatever *bona fide* judgment creditors may have.

8. DECREE OF STRICT FORECLOSURE — *when proper.* Upon a bill for foreclosure, where the proof shows that the premises at that time were not of greater value than the amount of the claim then belonging wholly to the complainants, and a strict foreclosure is prayed for in the bill, it is not error in the court to approve a decree of strict foreclosure.

9. DECREE — *may be changed to a strict foreclosure at the second term.* And where a decree was passed that the defendants pay the amount found by the report to be due, and that the premises be sold if the money was not paid in thirty days, and the cause continued, the complainant might properly make his motion for a strict foreclosure at the next term, and on making proof that the premises were worth less than the amount found due, the court might then properly order a strict foreclosure.

10. BONA FIDE PURCHASER — *his rights under a decree.* And where, under such a decree, the premises were conveyed by the master in chancery to the complainant, and he afterward sold and conveyed the same upon full consideration to a *bona fide* purchaser without notice, and such purchaser answered a bill of review under oath, and his answer was allowed to stand uncontradicted and unquestioned, it was held that the position of the purchaser could not be assailed by any further proceedings under the bill of review, and that he was not affected by any error in the decree, should there be one.

APPEAL from the Circuit Court of Clinton county; the Hon. SILAS L. BRYAN, Judge, presiding.

The facts of this case are fully stated in the opinion of the court.

Mr. WILLIAM H. UNDERWOOD, for the appellant.

1. Where a bill of review admits the justice of the amount established by the decree sought to be reviewed, the complainants should allege that they have paid it and the costs, or give a reason for omitting to do so. 2 Adams' Eq. 418; *Griggs* v. *Gear*, 3 Gilm. 11; Lube's Eq. 130; *Wirner* v. *Blackley*, 2 Johns. Ch. 488. Matter before known and susceptible of proof cannot be made the ground of a bill of review. *Southard* v. *Russell,*

16 How. 571; *McDaniel* v. *James*, 23 Ill. 408; *Rittenhouse Estate*, 1 Pars. S. E. C. 313, 328. On a bill of review no new evidence is admissible to facts before established by decree. *Johnson* v. *Donnell*, 15 Ill. 100; *Turner* v. *Berry*, 3 Gilm. 544; *Evens* v. *Clement*, 14 Ill. 206; *Garrett* v. *Moss*, 22 id. 363.

2. Simple contract creditors, like Keesel and Vogel, who were not parties to the original suit, have no right to file a bill of review, which only lies by parties or privies. Sto. Eq. Pl. §§ 409, 638. Nor could they or Schulenberg and Boechler interplead, before their claims were allowed against the estate of Zimmerman, and they had exhausted their remedies at law against his estate. *Armstrong* v. *Cooper*, 11 Ill. 560; *McDowell* v. *White*, id. 31; *Ishmael* v. *Parker*, 13 id. 327; *Greening* v. *Thomas*, 14 id. 271.

3. The heirs of Zimmerman had no more right than he himself would have had, if living, to set aside his deed, on the ground that it was made to defraud his creditors. *Choteau* v. *Jones*, 11 Ill. 319; *Ward* v. *Enders*, 29 id. 524.

4. At the first term, Taylor having an interest in the mortgage and one of the notes, a strict foreclosure was improper. At the next term to which the cause was continued, Horner had acquired also Taylor's interest, and it was proved to the court that the value of the land was not sufficient to satisfy the mortgage and costs as the bill alleges, a strict foreclosure was necessary and proper to avoid the costs and expenses of a sale. *Johnson* v. *Donnell*, 15 Ill. 97; *Wilson* v. *Geisler*, 19 id. 49; *Stephens* v. *Bickwell*, 27 id. 444. The wife had no dower in the land as against this mortgage given for the purchase money, and was not a necessary or proper party where a strict foreclosure was prayed. *Stephens* v. *Bickwell*, 27 Ill. 446.

5. Where a suit at law or equity is continued, it is not necessary to summon the parties again into court. *Coughlan* v. *Gutcheus*, 18 Ill. 391; *Warren* v. *McCracken*, 25 id. 103; *Williams* v. *Waldo*, 3 Scam. 265.

6. Bressler was a *bona fide* purchaser under the decree, and could not be affected by a reversal of the decree. The bill of review should have been filed before third persons, on the faith

of the decree of the court, had purchased the land. *McJilton* v. *Love*, 13 Ill. 494; *Whiting* v. *U. S. Bank*, 13 Pet. 15; Welford's Equity, 241.

Messrs. VAN HOOREBEKE & STOKER, for the appellees.

1. The decree of strict foreclosure is void because there is no service of process on defendants John Gedney, Elizabeth Gedney and Alfred Major; nor was there any answer of said defendants filed, or appearance entered, and therefore the court had no jurisdiction, and no title could pass to the purchaser under the decree. *Morris* v. *Hogle et al.*, 37 Ill. 154; *Lane et al.* v. *Erskine*, 13 Ill. 503, and cases there cited.

2. Said defendants were all indispensable parties defendant to the decree of foreclosure; yet there is no proof that either of them was ever served with process, nor is there any evidence that their appearance was entered or their answer filed to the bill of foreclosure. *Montgomery et al.* v. *Brown et al.*, 2 Gilm. 585; *Harvey, Admr.*, v. *Thornton*, 14 Ill. 218.

3. Strict foreclosures are not favored by courts of equity, and therefore the complainant in a bill for strict foreclosure will be held to strict and proper proofs of service, and every thing will be strictly construed against him. *Weiner* v. *Hintz and Miller*, 17 Ill. 261.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

It appears from the record in this cause, that the appellant, in 1861, exhibited his bill in chancery in the Circuit Court of Clinton county, to foreclose a mortgage executed by John Gedney to Alfred Major, and by him, with the notes it was given to secure, except one note of fifty dollars, assigned to appellant; the note not assigned to appellant had been assigned to one J. M. D. Taylor. The amount held by appellant exceeded two thousand dollars. At the March Term, 1862, of said court, a decree was passed in favor of appellant, reciting that all of the defendants had been served with process ten days before the first day of the term of the court,

that they were ruled to answer by the next morning, and, on default of answers, it was ordered, adjudged and decreed that the bill be taken as confessed against the defendants, and the cause referred to a special master to compute the amount due to the several parties in interest, who reported there was due to appellant on the notes, with interest, the sum of $2,392.42, and to Taylor $65.33, making in all the sum of $2,457.75, which report was approved, and a sale of the premises ordered if the money was not paid in thirty days after the entry of the decree, and that the proceeds be paid to appellant and Taylor in proportion to the amount of their respective claims, and the cause continued to the next term.

At the next term (August) appellant entered his motion, he having purchased Taylor's interest in the decree, to change the decree of the previous term to a decree of strict foreclosure, and, on evidence being heard by the court that the premises were worth less than the amount found due to appellant, and the amount not having been paid, the court ordered a strict foreclosure, and required the master in chancery to convey the premises to appellant, then complainant, and the court further ordered that the sheriff put the complainant in possession of the premises.

Among the defendants to the bill of foreclosure was Melchior Zimmerman, to whom Gedney had conveyed the premises after he had mortgaged them to Major. It appears that soon after the decree of strict foreclosure, complainant sold and conveyed the premises for a full consideration to one Paul Bresler.

At the August Term, 1864, Catherine Zimmerman, the widow, and the infant heirs at law of Melchior Zimmerman, who had died since the decree, and Henry Kiesel and Peter Vogel, exhibited their bill in the Clinton Circuit Court to review the decree rendered in favor of appellant, for a strict foreclosure,—Kiesel and Vogel alleging they were creditors of Zimmerman, and the Zimmermans alleging that it nowhere appears in the record that Melchior Zimmerman had been served with process in the foreclosure cause, and had never appeared to

that action, and that the facts stated in the bill did not warrant a strict foreclosure, and that the bill did not show why complainant had not made the money out of Gedney, the maker of the notes; and that it does not charge that the mortgaged premises were insufficient, or not more than sufficient to pay the debts claimed in the mortgage, and "the other liens," and that the bill does not charge that Gedney, or any of the other defendants were insolvent; and they charge that at the time when the last amended decree was passed, the premises were worth from $4,000 to $5,000, and if they had been subjected to a sale, as by the original decree directed, and as prayed by complainant in his bill of foreclosure, they would have brought the amount of $4,000, and over, a sum sufficient to have paid complainant and all other creditors, and leaving a sum to be distributed among the complainants in the bill of review, the widow and heirs of Melchior Zimmerman. Kiesel and Vogel allege that Melchior Zimmerman, and Catherine, his wife, conveyed these premises by warranty deed, on the 10th of January, 1861, to one John J. Muller; and they allege such conveyance was void for fraud, and made to hinder and delay and defraud the creditors of Zimmerman, of whom they were a part, and pray that the conveyance may be set aside, and the premises deemed to be in the heirs of Zimmerman, for the benefit of creditors. Muller was also made a defendant.

Summons issued against appellant, and Bressler and appellant answered the bill, denying that Catherine Zimmerman had any interest in the premises, for that she, with her husband, had conveyed them to John J. Muller, by deed dated January 10, 1861, and makes an exhibit of a certified copy of the deed from the record; denies knowledge of any indebtedness as charged; denies that he sold the premises to Bressler for $4,000, but says he sold them and another piece of valuable property adjoining, to him, for that sum; avers that the writ of summons was served on Melchior Zimmerman, and the service indorsed thereon by the sheriff; avers that he did bring suit against Gedney on the notes, and failed to collect any thing; denies that the premises are worth $4,000 or $5,000, but avers

that by proof taken to obtain the decree of strict foreclosure, they were shown to be worth less than the mortgage debt; as to the allegation in the amended bill, he says that the heirs of Zimmerman are estopped from asserting that the deed of their father to Muller, was fraudulent; denies the indebtedness to Kiesel and Vogel, and insists as they were not judgment creditors they can have no relief in equity; and he avers that after the decree was amended to a decree of strict foreclosure, and after the cause was removed from the docket, Bressler purchased and paid for the premises, in good faith, and had no notice of the matters stated in this bill of review; and he insists that the evidence taken in the foreclosure suit, cannot be re-examined by a bill of review.

Muller answered, admitting the fraud in the conveyance to him.

Bressler states in his answer that he made the purchase in good faith, without notice of any other claims to them; that they were greatly out of repair, and that he has expended about $800 in repairs, and he denies that the premises were worth more than the mortgage debt and costs at the time of the foreclosure, and he adopts appellant's answer for further answer.

A replication was filed to the answer of Horner, but none to that of Bressler.

Proofs were taken, and the court set aside the decree of strict foreclosure and reinstated the original decree. To reverse this decree the appellant has brought the record to this court and assigned this decision of the court as error.

Appellees make the point that the decree of strict foreclosure is void, there being no service of process on Gedney and wife and Major, nor any appearance entered or answer filed by them, and therefore the court had no jurisdiction of their persons.

The bill of review does not make this complaint, but only charges that Zimmerman was not served with process. If the others were not served, it is for them to complain. *Henrickson* v. *Van Winkle*, 21 Ill. 274. The error is personal to them, with which appellees can have no concern.

As to the non-service upon Zimmerman, the record shows a return of service indorsed thereon by leaving a copy with his wife, a member of his family, and is in all respects formal. It is also objected by appellees, that the record of foreclosure fails to show that Zimmerman, if served, made answer or was defaulted.

The record recites that Muller, who was a party defendant to the bill of foreclosure, was defaulted on failure to answer as ruled by the court, " and, the other defendants having answered, admitting the allegations of the bill of complaint, it was thereupon ordered, adjudged and decreed by the court that the same be taken as confessed by all of said defendants, and that the cause be referred," etc.

This is a very inaccurate and informal mode of making out a transcript of a record, and this one from the beginning to the end is very inartificially made up and is very unsatisfactory, but we infer from it, though the answers are not contained in the record, that they were filed and were before the court, and, if they were not filed, then it follows that the other branch of the statement is the true one, that the bill was taken as confessed against all the defendants, as service on them is recited.

The appellant makes the point, that as this bill of review does not deny the justice of the demand established by the decree sought to be reviewed, the complainants should allege they have paid it and the costs, or give a reason for omitting to do so. This we understand to be the settled doctrine of bills of review as will be found in all the elementary treatises on the subject. Lube Eq. Pl. 179 ; 2 Daniels Ch. Prac. 1626, *et. seq.; Griggs* v. *Gear,* 3 Gilm. 11. But to avail of this, the appellant should have made his motion in the court below not to receive the bill, but he answered the bill and went to a hearing on the merits, and cannot now make the objection that neither the mortgage money or costs were paid before or at the time of filing the bill, if the fact was so, of which we are not informed by the record. Appellant has treated it as a bill properly filed and he must be bound by it.

He further insists neither Kiesel, Vogel or Schulenberger

and Bressler could interplead before their claims were allowed against the estate of Zimmerman and they had exhausted their remedies at law against his estate.

We omitted to state in its proper place, that, during the pendency of the bill of review, Schulenberger and Bressler filed their bill setting forth that they were creditors by a mechanic's lien on the premises, and claiming a participation in the proceeds of the sale of the mortgaged premises.

It is sufficient to say, in regard to these creditors, they have no *status* in a court of chancery; for the first, Kiesel and Vogel were, if creditors at all, but simple contract creditors, and the latter have not shown that they have any judgments against Zimmerman (*McDonald* v. *Cochran*, 11 Ill. 31), nor could they convert this bill for a review of a prior decree into a creditor's bill. The bill of review must stand or fall on its own merits.

As to the claims of the complainants, the widow and heirs of Zimmerman, it is only necessary to advert to a well established doctrine, that, though the deed from Zimmerman and his wife, the complainant, to Muller, was fraudulent and void as to creditors, it is valid and binding on them, and their heirs cannot set it aside, so that they have no interest whatever in the subject matter of this controversy, whatever *bona fide* judgment creditors may have. *Chauteau* v. *Jones*, 11 Ill. 319 ; *Ward* v. *Enders*, 29 id. 524.

We have not been able to perceive any error of law in the decree of strict foreclosure. Appellant, in his bill, alleged that his claim amounted to about $2,400, and that the premises were not worth more than $2,000, and he prayed for a sale and for a strict foreclosure, a sale being necessary for the reason that Taylor had a decree for his claim. When appellant became possessed of Taylor's claim there were no others existing against the premises, and, as the bill prayed a strict foreclosure, the court might, with propriety, change the decree of sale, to avoid expense, to one of strict foreclosure, if the proof showed, as the record shows it did, that the premises at that time were not of greater value than the amount of the decree then belonging wholly to complainant. *Johnson* v. *Donnell*, 15 Ill. 97 ; *Wilson*

v. *Geisler*, 19 id. 50. The proof as to value, taken after the bill of review was filed, being about two years after the decree of foreclosure, should not, for that reason, have any weight in the cause. With improvements put upon them by Bressler, of the value of $800, and the rise in property in every growing town in the county in which these premises were situate, two years would make a great difference in value, and what would have been a fair price for the premises when the decree was entered might be inadequate two years thereafter.

As to Bressler, his answer was not replied to, and, as it was under oath, it stands uncontradicted and unquestioned; and, as he was a *bona fide* purchaser for value, without notice, his position cannot be assailed, nor affected by any error in the decree, should there be one. *McJilton* v. *Love*, 13 Ill. 494; *McLagan* v. *Brown*, 11 id. 519.

For the reason that there was no error in the decree of strict foreclosure, it should not have been vacated, and the original decree established. The decree vacating the same is reversed, and the decree of strict foreclosure affirmed.

*Decree reversed, in part.*