EDWARD T. FAHEY, Plaintiff in Error, *vs.* THE TOWN OF THE CITY OF BLOOMINGTON *et al.* Defendants in Error.

*Opinion filed February 17, 1915.*

RELEASE OF ERRORS—*act of the defendant cannot release error in dismissing complainant's bill.* The act of the defendant in paying a claim after the dismissal, for want of equity, of a bill by a tax-payer to enjoin such payment cannot operate as a release of errors by the complainant, who was in no way responsible for such payment, as the acts relied upon as constituting a release of errors must be by a party having a right to release errors.

WRIT OF ERROR to the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding.

D. D. DONAHUE, for plaintiff in error.

A. W. PEASLEY, City Attorney, WELTY & WHITMORE, and O'CONNELL & DOLAN, for defendants in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is a writ of error sued out to review a decree of the circuit court of McLean county dismissing for want of equity a bill in chancery filed by plaintiff in error in his

capacity as a tax-payer. In his brief plaintiff in error says the bill was filed "to enjoin the payment of the cost and expense of printing a ballot used at a combined township and city election held on the seventh day of April, A. D. 1914, and also the submission of the question, to-wit, 'Shall this town, the town of the city of Bloomington, become anti-saloon territory?'" The bill sets out numerous grounds of objection to the validity of the election in the town of the city of Bloomington held in April, 1914, among them that the city of Bloomington and the town of the city of Bloomington are co-extensive with each other, that by ordinance the city clerk is made the town clerk, and that the ballots prepared by the clerk and voted at said election were illegal and void. The bill alleges that the ballots used at the election combined the names of candidates for city and township offices; that one ballot was printed for and voted by men, containing the names of all the candidates for city and township offices, and another ballot was printed for and voted by women, containing the names, only, of candidates for alderman, assessor and assistant supervisors and omitting the names of candidates for police magistrate, justice of the peace and constable, which were printed only on the men's ballot. Below the names of candidates on both ballots was printed the proposition, "Shall this town, the town of the city of Bloomington, become anti-saloon territory?" The bill alleges the women's ballots were printed by the Pantagraph Printing and Stationery Company at a cost of $97.60. The bill alleges that the ballots were illegal and the cost of printing them was not a proper charge against the town, and prays, among other things, that the payment of the cost of printing the women's ballots be enjoined. The constitutionality of certain statutes was challenged in the bill. A demurrer to the bill by defendants was sustained and the bill dismissed for want of equity, and a writ of error has been sued out of this court by complainant to reverse that decree.

Defendants have not joined in error or appeared to the merits of the suit but have filed a plea of release of errors, and the complainant has demurred to said plea. The issue of law raised by this plea and demurrer presents the only question for determination at this time.

The plea avers that after the decree was entered in the circuit court dismissing the bill, and before the writ of error was sued out, the town of the city of Bloomington paid the Pantagraph Printing and Stationery Company the said sum of $97.60 for printing the ballots used and voted (by women) at said election, and this the plea relies upon as a release of the errors.

The right to prosecute a writ of error may be waived by a formal release of errors or by the voluntary acts of the party with knowledge of the facts constituting a recognition of the correctness and validity of the judgment or decree. Where a party recovering a judgment or decree voluntarily accepts the benefits thereof, knowing the facts, he is estopped to afterwards prosecute a writ of error. Acceptance of the benefits of a judgment or decree under such circumstances operates as a release of errors and may be so pleaded, (*Ruckman* v. *Alwood,* 44 Ill. 183; *Corwin* v. *Shoup,* 76 id. 246;) but the acts of the defendants in error, for which plaintiff in error was in no way responsible, cannot operate to release errors complained of by plaintiff in error. The acts relied upon as constituting the release must be the acts of a party having a right to release errors. (*Henrickson* v. *VanWinkle,* 21 Ill. 274.) The plea is not good as a release of errors and the demurrer to it is sustained.

By virtue of the statute (Practice act, sec. 109,) defendants in error will be permitted to join in error and file briefs on the merits if they shall so desire.

*Demurrer sustained.*