## MATILDA CROMINE

*v.*

## JOHN THARP, Administrator.

1. PRACTICE IN THE SUPREME COURT — *what errors a party may assign.* A plaintiff in error cannot allege errors which, if they exist at all, relate only to persons not before the court.

2. ADMINISTRATOR'S *application to sell land* — *allegation and proof of debts owing by the estate.* Where the petition presented by an administrator for an order to sell real estate to pay debts, refers to an abstract as being filed with the petition, and made part thereof, from the office of the probate justice, showing the amount of debts due, and the court in its decree finds the sum due, it will be presumed from such finding, after so long a time as twenty years, that the schedule was duly filed, although it cannot be found among the files of the court.

3. But the finding of the court in such case is, in itself, sufficient evidence that the debts were due.

4. SAME — *of the notice of the application.* Where the notice given of such application does not specify the day of the term on which the petition will be presented, it may be presented at any time during the term.

5. SAME — *of supplemental orders of sale, without notice.* After a decree ordering a sale has been pronounced, a sale had of sufficient lands to pay all the debts for the payment of which the sale was ordered, a report thereof, which is approved, and the decree satisfied, that ends the case, and the court has no power or jurisdiction at a subsequent term, without a new notice, to order a sale of more land for the payment of additional debts which had been proven against the estate.

WRIT OF ERROR to the Circuit Court of Tazewell county; the Hon. SAMUEL H. TREAT, Judge, presiding.

The opinion of the court contains a statement of the case.

Mr. B. S. PRETTYMAN, for the plaintiff in error.

Messrs. COOPER & MOSS and COHRS & IRELAND, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

At the April Term, 1846, of the Tazewell Circuit Court, John Tharp, as administrator of Jonathan Tharp, filed a petition for leave to sell lands for the payment of debts, making the heirs of the deceased, parties, all of whom were infants except the plaintiff in error, Matilda Cromine, who was a married woman. The heirs jointly brought the record here under a writ of error, but, as the writ was barred by the statute of limitations as to all except Matilda Cromine, the *feme covert*, the counsel for plaintiffs in error dismissed it as to all the heirs except her. It is not therefore necessary to consider the objections taken by counsel to the action of the court having exclusive reference to the infant heirs. They are barred by lapse of time from coming to this court, and Matilda Cromine cannot allege errors which, if they exist at all, relate only to persons not before the court.

It is objected that no specific sum is alleged in the original petition to be owing by the estate. The petition refers to an abstract marked A, filed with the petition and made part thereof, from the office of the probate justice, showing the settlement of the administrator and the amount of debts due. The abstract has disappeared from the files. The court, however, in its decree, finds the sum of $696.76 to be owing by the estate, and at this distance of time we may well presume from this finding, that the schedule referred to in the petition was duly filed. The finding of the court is, in itself, sufficient evidence that this debt was due. *Reddick* v. *State Bank*, 27 Ill. 145.

It is also objected, that the notice was not sufficient. It named no specific day for the presentation of the petition, and it is contended, that, under such a notice, the petition could only be presented on the first day of the term. We decided, how-

ever, in *Goudy* v. *Hall*, 36 Ill. 313, that, under such a notice, the petition might be presented at any time during the term.

This order was obtained at the April Term, 1846, and, at the September Term of the same year, the administrator made his report which showed the sale of sufficient lands to pay all the debts for the payment of which the sale was ordered. The report was approved. At the April Term, 1847, the administrator, without giving a new notice, filed a supplemental petition setting forth, that, since the former sale, a new debt of $325.04 had been allowed against the estate, and praying for another order of sale. An order was granted, and another tract was sold. It is urged that the filing of the supplemental petition and the making of a new order was wholly unnecessary; that the power to make the sale existed under the original decree, and that the purchasers took a title resting on that decree, and the case of *Stow* v. *Kimball*, 28 Ill. 108, is cited in support of this position. This question is not now before us, and can only come here in a controversy to which the persons claiming title under this sale shall be parties. We abstain from intimating any opinion in regard to the validity of their title. But that it was error in the court to pronounce this second decree, admits of no doubt. The original proceeding terminated at a former term. The sale had been reported and approved, and the decree satisfied. That ended the case, and the court had no power or jurisdiction, without a new notice, to pronounce the decree of April Term, 1847. The case of *Stow* v. *Kimball, ante,* has no application to a question of this kind. That relates, so far as concerns this branch of the case, merely to the extent of the power of the administrator under the original decree. As already said, on that point we decide nothing, as it is not before us. But we must hold the second decree, of April Term, 1847, to have been improperly pronounced, and that decree must be reversed. The decree of April Term, 1846, is affirmed. The costs of this court will be taxed one-half against Matilda Cromine, and one-half against the defendants in error.

*Decree reversed.*