# Eᴜɢᴇɴᴇ B. Mɪx *et al.*

## *v.*

## Hᴀʀʀɪᴇᴛ Kɪɴɢ.

1. Homestead—*wife's right to rents and profits in, when unlawfully dispossessed.* Where a regular sale was made of a wife's homestead under a deed of trust which failed to release the homestead right, and after the husband had left his wife, the purchaser recovered a judgment for the premises in ejectment against the husband, the wife not being a party, and by means of a writ of possession unlawfully dispossessed the wife, and the court below, on bill by the wife for her homestead and for an account of the rents and profits, in stating the account, acted upon the theory that the complainant was entitled to the sole use of the homestead, then valued at $5000, with all the issues and profits therefrom, until her homestead had been assigned to her, or she should be paid $1000 in lieu thereof: *Held,* that in this the court erred; that in equity she should be allowed to have all the rents and profits which would have arisen from a homestead thus situated worth but $1000, less the taxes and improvements, as her interest in the premises was limited to that sum; that if the premises had been worth no more than that sum, she would have been entitled to the entire rents and profits, after deducting taxes and necessary repairs; but if they were worth more, she should have rents and profits only in the proportion that sum bore to the whole value; and that in stating the account all taxes and necessary repairs should be deducted from the gross amount of the rents and profits before an apportionment of the same.

2. But if not practicable to thus settle the account, the court should decree the payment of $1000 to the complainant with six per cent interest per annum from the day she was wrongfully dispossessed.

10—66ᴛʜ Iʟʟ.

3. Same—*right to rents and profits from what time.* It was urged that the account should only commence from the second time complainant's husband abandoned her, but the court held that as he had already abandoned her before she was expelled from the possession of the homestead, and as she was then entitled to the same in her own right, his subsequently living with her for a short time did not deprive her of her right to rents and profits any more than it did her homestead.

4. Homestead—*how lost.* Where the wife is abandoned by her husband and is forcibly and unlawfully dispossessed of the same under color of legal process, and remains out of possession for several years, her being out of possession under such circumstances will not defeat her claim to the same.

Appeal from the Circuit Court of Kane county; the Hon. Silvanus Wilcox, Judge, presiding.

This was a bill in chancery, by Harriet King, asking that the sale of certain premises which had been occupied by her as a homestead, be set aside, the deed cancelled, and for other relief.

It appears that she and her husband, in 1858, executed a deed of trust on the property to one Merrill, to secure the payment of a debt of the husband, but it contained no release of the homestead right. In 1859 the property was sold under the power in the trust deed, to Russel C. Mix, who received a deed for the premises, the complainant at the time continuing to occupy them as a homestead, with her infant children, her husband having abandoned her. The purchaser, in 1861, recovered judgment for the premises in an action of ejectment against the husband, who was then out of the State, and, under the writ of possession issued on such judgment, forcibly dispossessed the appellee, since which time Mix, the purchaser, held possession and enjoyed the rents and profits.

The court below set aside the sale under the deed of trust, and decreed that Mrs. King should have possession in thirty days, but took no account of the rents and profits. On appeal to this court, (55 Ill. 434,) it was held error to set aside the trustee's sale; that it was operative to pass the fee which was in the husband, subject to the homestead of the wife;

and that as to such right in the wife, it was inoperative, and the decree was reversed and the cause remanded. The other material facts are stated in the opinion of the court.

Messrs. Parks & Annis, for the appellants.

Mr. A. M. Herrington, and Mr. A. G. McDole, for the appellee.

Mr. Justice Walker delivered the opinion of the Court:

This case was previously before the court, and is reported in 55 Ill. 434. The equities of the parties were then settled. The court below had the account stated, and rendered a decree for the amount found in favor of appellee, and the case is again brought to this court on appeal.

When the case was remanded, the directions for stating an account were not specific, and the court below might have well supposed that he was following the directions of this court in stating the account as he did. We directed that in stating the account the amount of rents and profits received by appellants should be ascertained, and the amount of taxes paid and expenditures for all necessary repairs, and then to adjust the same between the parties, and then to order that a homestead worth a thousand dollars be set off to appellee if the premises were susceptible of division, and if not, that the premises be sold, unless appellants should pay appellee one thousand dollars, the value of the homestead.

In stating the account the court below acted upon the theory that appellee was entitled to the sole use of the homestead, with all the issues and profits therefrom, until her homestead should be assigned to her, or until she should be paid in lieu of it one thousand dollars. We are aware that some have so construed the statute, and in such a construction there is plausibility. But this is an appeal to equity, and courts of chancery always, when resorted to for equitable relief, require, as a condition to granting it, that complainant shall do

equity. Appellee has an interest in the estate of one thousand dollars, which, if not paid her in money by the creditor, she can retain during her natural life; but the creditor having foreclosed the mortgage or deed of trust and obtained possession, and in a mode which the law could not justify, still it is not equitable, whatever might be the rule of law, that she should have all the rents and profits if they exceed the receipts which would have arisen from a homestead thus situated worth but one thousand dollars. If the premises had been worth no more than that sum, then it might be that she would have been equitably entitled to the entire rents and profits, after deducting taxes and necessary repairs; or even if the premises were worth more, and they would yield no more rent than a portion of the property worth but one thousand dollars, it might be that she would be entitled to all the rents.

But in this case, if we understand the evidence correctly, these premises are worth five thousand dollars, having on them three houses, and rent for largely more than would one of three houses and ground enough to make it worth but one thousand dollars. Appellee having an interest in the premises of but one thousand dollars she should have rents and profits only in the proportion that sum bears to the whole value of the property; but in stating the account, all taxes and necessary repairs should be deducted from the gross amount of the rents, as well as the cost of the sidewalk and well, before there is a division made of the rents and profits. In this we act upon the supposition that the construction of the sidewalk was compulsory under the ordinance of the city, and hence was an involuntary reduction of the amount received for rents to that extent; and upon the presumption that the sinking of the well on the premises enhanced the rental value of the premises. But if the change from year to year in the value of the premises be such that it is found to be difficult to ascertain the proportion the one thousand dollars bears to the value of the premises, so as to thus apportion

the rent, then the rights of the parties may be adjusted in a different mode.

If not practicable to thus settle the account, then the court will decree the payment of one thousand dollars to appellee, with six per cent interest per annum from the day appellee was dispossessed and expelled from the premises. As the owner of the fee had no right, under the statute, to the possession until he had set off the homestead, or paid appellee one thousand dollars, it would only be equitable and just that she now have one thousand dollars which she should then have had, with interest from that time. In this view of the case appellee is entitled to the ownership of the one thousand dollars. Had Mix, when he obtained possession, done as the statute required, he would have assigned her a homestead or paid her a thousand dollars; but he acted upon the theory that the property was not divisible, and he should have paid that sum to her. Either of these modes of stating the account will be equitable, and the court below is at liberty to choose either, as he may judge will be attended with the least uncertainty.

It is urged that the account should only commence in 1864, when appellee's husband abandoned her the second time. It appears he had abandoned her before she was expelled from the premises, and that she was then entitled to possession of the homestead in her own right, and that being so, she was entitled in the same right to the rents and profits after she was ejected; and the fact that she and her husband lived together a short time in the latter part of 1863 and early part of 1864, in another county, did not deprive her of the right to such rents, any more than it did of her homestead, which we formerly held in the case it did not affect.

The decree of the court below is reversed and the cause remanded.

*Decree reversed.*