## HENRY G. RICHARDS

*v.*

## ISAAC R. GREENE.

1. ERROR—*may not be alleged by party not affected.* An appellant can not allege errors which relate exclusively to a party who is not complaining, and is not before the court.

2. It is irregular to direct commissioners to set off homestead to the wife when it belongs to the husband, but when the final decree gives the homestead so set off to the husband, he is not injured, and can not assign error on such irregularity.

3. CHANGE OF VENUE. A party can not wait until a cause is on trial, and until the court has intimated an opinion on the merits of the case, from the evidence, and then obtain a change of venue.

APPEAL from the Circuit Court of Warren county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. WILLIAMS, McKENZIE & CALKINS, for the appellant.

Messrs. LANPHERE & BROWN, and Mr. E. H. LEACH, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought by Isaac R. Greene against Henry G. Richards and Mary Richards, his wife, for the purpose of having assigned and set off a homestead in a certain tract of land to the defendants, or one of them.

The complainant, Greene, acquired title to the premises by virtue of a sale under a trust deed executed by Richards to E. P. Williams, trustee, to secure a certain note given to A. C. Clay, for the sum of $1320.

At the time of the execution of the trust deed, Richards, who was a householder, resided upon the premises with his wife. The wife, however, did not join in the execution of the trust deed.

Upon the first hearing of the cause the circuit court found the homestead right to be in the wife, Mary Richards, and decreed the homestead to her.

At the September term, 1874, of this court, the decree was reversed, on the ground that the homestead should have been decreed to Henry G. Richards, and not to his wife.

At the May term, 1875, of the circuit court, the cause was again heard, and a decree rendered in conformity to the opinion of this court, to reverse which Henry G. Richards has brought this appeal.

It is urged by the counsel for the appellant, that the court

erred in denying the application of Robert Mecum, the conservator of the estate of Mary Richards, to come in and defend, and in not determining the rights of Mary Richards before final decree.

Whether any error was committed that affects Mary Richards or her rights in the premises, it is not necessary to inquire, as she is not before the court, and has made no complaint in regard to the decree.

It is a familiar principle, that the appellant can not allege errors which, if they exist at all, relate exclusively to a person who is not complaining, and is not before the court. *Henrickson* v. *Van Winkle*, 21 Ill. 274 ; *Horner* v. *Zimmerman*, 45 Ill. 14 ; *Cromine* v. *Tharp*, 42 Ill. 120.

It is next urged, that the court erred in the appointment of commissioners to set off a homestead to Mary Richards.

It is true, it was irregular to direct the commissioners to set off the homestead right to the wife of appellant. That irregularity, however, did the appellant no harm, and he can not complain of an error that worked no injury to him.

By the final decree, the homestead was decreed to appellant, and it is difficult to perceive what more he can ask. It was the duty of the commissioners to examine the premises, and to set apart a certain portion thereof, of the value of $1000, as a homestead. Whether the homestead was ultimately to be decreed to appellant or his wife, did not concern the commissioners in the discharge of their duties, and could have no effect upon the result of their labors.

It is also said, that portion of the premises set apart by the commissioners as a homestead, was not of the value of $1000, and to support this position, appellant filed several affidavits, tending to sustain his position. On the other hand, appellee filed affidavits which tended to establish that the premises set apart as a homestead were worth even more than $1000. Upon a careful examination of all the evidence presented bearing upon this point, we see nothing to impeach the action of the commissioners.

No fraud or improper conduct is charged, and, so far as we can perceive, the commissioners have acted with discretion and good judgment.

It is next urged that the court erred in overruling appellant's motion for a change of venue.

Upon an examination of the record, it appears that a trial of the cause had commenced, or was about to be commenced, before the motion was made. The term of court at which the cause was tried commenced on the first Monday of May. On the 29th day of May, when the cause was called for trial, a motion was entered, on behalf of the conservator of Mary Richards, for leave to come in and defend. This motion having been overruled by the court, then, for the first time, a motion to change the venue was entered.

The motion came too late. A party can not wait until a cause is on trial, and until the court has intimated an opinion on the merits of the cause, from the evidence, and then obtain a change of the venue.

Such a practice would lead to endless delay in the trial of causes, and it is not authorized by the statute, and can not be encouraged. *Hudson* v. *Hanson,* Sept. T. 1874.

We have given this record a careful examination, and fail to find that it contains any substantial error.

The decree will be affirmed.

*Decree affirmed.*