# HARRIET K. KING

*v.*

# EUGENE B. MIX *et al.*

1. REVERSAL OF DECREE, *with directions.* Where a decree is reversed with directions to the court below to decree the complainant a homestead, if the property is susceptible of division, otherwise, its value in either of two modes, and the court finds that it appears, from the evidence, that the premises are so situated that a homestead can not be assigned, this will authorize the court to adopt either mode for adjusting the homestead right suggested by this court, independent of any agreement of the parties.

2. Where a cause is decided in this court, and remanded with specific directions that if a homestead can not be set off, to ascertain its value in one of two ways, first, by decreeing the complainant $1000 in lieu of homestead, and such portions of the rents and profits, after deducting all taxes and necessary repairs, as $1000 bears to the whole value of the property, or by decreeing to her $1000, with six per cent per annum interest from the time the claimant was expelled, the court below will be left at liberty to adopt either mode of adjusting the equities, in case the homestead can not be assigned.

APPEAL from the Circuit Court of Kane county; the Hon. SILVANUS WILCOX, Judge, presiding.

Mr. B. M. MUNN, and Mr. H. F. VALLETTE, for the appellant.

Mr. B. F. PARKS, for the appellees.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

When this cause was before us on a second appeal, the decree was reversed, with specific directions to the court below to decree that complainant have a homestead in the premises; but if it should be found the property was not susceptible of division, then to ascertain its value, in one of two ways, as to the court might seem to be attended with the least uncertainty, first, by decreeing to her $1000 in lieu of homestead, and such portion of the rents and profits, after deducting all taxes and necessary repairs, as $1000 bears to the whole value of the property, or, second, by decreeing to her $1000, with six per cent per annum interest from the day she was expelled from the premises. The court was left at liberty to adopt either mode of adjusting the equities between the parties. 66 Ill. 145.

It is recited in the present decree, it "appears, by evidence offered in open court, and also by agreement of parties," the premises are so situated that homestead could not be partitioned, and thereupon the court adopted the latter mode of adjusting the equities, viz: by decreeing to complainant $1000, with six per cent interest, making a sum of $1720, to be paid within thirty days.

It is also recited, "this decree is entered by agreement as a full, final and complete settlement of all matters included in the above cases." As soon as the decree was pronounced, defendants paid to the solicitors that had been acting for complainant the full sum of $1720, taking their receipt for the same, and, in pursuance of the decree, the master executed and delivered to defendants a deed for the premises.

At the same term of court, complainant entered a motion

to set aside the decree, based upon affidavits setting forth, as the grounds of the motion, that, under the decision of the Supreme Court, she was entitled to a homestead in the premises, of the value of $1000, and to an account of the rents and profits in proportion as the sum of $1000 bears to the whole value of the property; that her share of such rents and profits would exceed the amount of interest on $1000 at six per cent per annum from the date she was dispossessed, and that her solicitors had no authority to consent to any decree on her behalf.   It does not appear any notice was given to defendants of the intention to make a motion to set aside the decree; but a continuance was granted and notice given.   At a subsequent term of court, on full consideration, the motion was formally overruled, and that decision is assigned for error.

Whether complainant's solicitors had any authority from her to consent the decree in this case might be rendered as it was, is involved in some doubt by the conflicting evidence, but we are of opinion the weight of evidence is, they had such authority.   However that may be, enough appears in the record to sustain the decree independently of any agreement.   The decree finds, it appeared, from evidence taken in open court, the premises were so situated that homestead could not be assigned, and that fact appearing, the court was at liberty to adopt either mode suggested by this court in its former opinion, to adjust the equities between the parties.   The mode adopted, so far as we can judge from anything before us, was equally favorable to complainant as the other suggested would have been.   Had the court directed an account to be taken of the rents and profits, after deducting taxes and necessary repairs, it is not shown that her share would have exceeded the sum allowed her under the decision of the court, viz: $1000, with six per cent interest from the time she was dispossessed of the property; but, under our previous decision, the court was fully authorized to decree as it did, and enough appears in the record to sustain its action.

The decree will be affirmed.

*Decree affirmed.*