## AMOS CLARK
### v.
## ADELINE CROSBY ET AL.

HOMESTEAD—HOW SET OUT.—Where the property occupied as a homestead is worth more than the $1,000 allowed by statute, and the homestead has not been released, the grantee, or mortgagee in case of foreclosure, can enforce his rights against the surplus. The remedy in such cases is by bill in equity, either to set out the homestead or award $1,000 in lieu thereof.

APPEAL from the Circuit Court of Marion county; the Hon. WILLIAM H. SNYDER, Judge, presiding. Opinion filed April 2, 1880.

Messrs. CASEY & DWIGHT, for appellant; that the bill alleges facts sufficient to constitute a lien and it is not necessary to allege that a lien exists, cited Young v. Morgan 89 Ill. 199; McDonald v. Crandal, 43 Ill. 231; Hartwell v. McDonald, 69 Ill. 293; Smith v. Miller, 31 Ill. 158; Hotchkiss v. Brooks, Ill. Syn. Rep. 332; Asher v. Mitchell, Ill. Sup. Ct. October, 1879.

The excess over the homestead may be taken: Eldridge v. Pierce, Ill. Sup. Ct. February, 1879; Merritt v. Merritt, Ill. Syn. Rep. 321.

Where the lot on which the debtor resides is worth more than $1,000, adjoining lots in the same inclosure are not exempt: Hay v. Baugh, 77 Ill. 500.

The court will take notice of the governmental survey, and of lots and blocks in cities: Gardner v. Eberhart, 82 Ill. 316.

The court may set apart to the person entitled to the home-

stead, $1000 in lieu of the property: Richards v. Green, 78 Ill. 525; Hotchkiss v. Brooks, Ill. Sup. Ct. November, 1879.

Mr. Henry C. Goodnow, for appellees; that at the time of execution of the deed, the homestead was an exemption, cited McDonald v. Crandal, 43 Ill. 231; Hewitt v. Templeton, 48 Ill. 367; Finley v. McConnell, 60 Ill. 259.

Casey, J. This was a bill in equity, brought by appellant against Adeline Crosby, and Aaron H. Crosby, her husband, in the Marion Circuit Court. The amended bill shows that on the first day of January, A. D. 1880, the said Aaron H. Crosby borrowed from appellant the sum of $2,500; that he gave his note for said sum payable two years after date, with ten per cent. interest from date; that on the same day, to secure the payment of said note, Adeline Crosby, wife of the said Aaron, and the said Aaron, acknowledged and delivered to appellant a mortgage, with power of sale therein expressed, conveying to him lots 6, 7, 8, 9 and 10, in block 112, in the railroad addition to the town of Centralia; that the said Crosbys were at the time and now are living upon said premises; that the said Aaron H. Crosby failed to pay said note at the time of its maturity; and on the 10th of April, 1876, appellant, by virtue of said mortgage and the provisions there contained, after due notice, sold the said premises at public auction, to one Stephen M. Warner, and acknowledged and delivered a deed of said premises to the said Warner; that after demand in writing, the said Warner, on the 27th day of May, A. D. 1876, instituted an action of forcible entry and detainer against the said Crosby before a justice of the peace, and obtained a judgment for possession; that the said Crosbys appealed to the circuit court, where the case was decided against the said Warner, and that he appealed to the Supreme Court, at the June term, 1877; and in the spring of 1879, the Supreme Court affirmed the judgment of the circuit court, for the reason that the said Adeline Crosby had not waived her right to a homestead in said premises. That the title to said premises was in the said Adeline; that the said Warner in August, 1877, conveyed his interest in said premises to appellant; that the said lots are inclosed, having clearly defined boundaries; that

on lot ten is a two-story dwelling house, with ten or twelve rooms, and that the lot and improvements are worth $2,000; that there is a wing to the main building, situated on lot 9, and is worth $600; that the other lots are each worth $200.

The prayer of the bill is that Adeline Crosby and Aaron H. Crosby defendants be summoned, etc. That upon a full and final hearing the court, with or without the aid of three commissioners, as may be most just and equitable, will set apart and adjudge and decree to defendants, or either of them, said lot 10, with such room or rooms, part or parts, of the residence and building on said lot, as may be of the value of $1,000 as their homestead allowance in said premises, and the remainder of said building, house, residence and premises, to complainant. Or if this relief cannot be granted, then that said lot 10 and the improvements thereon, be set apart to defendants, or either of them, as and for a homestead, and the balance with improvements be decreed to complainant as owner of said premises, by virtue of the conveyance and proceedings aforesaid. Prayer for general relief. To this bill a demurrer was interposed, which was sustained by the court, and the bill dismissed. Appellant excepted to the ruling of the court, and brings the case into this court by appeal. The following errors are assigned.

1st. The court erred in sustaining the demurrer to the amended bill.

2nd. The court erred in dismissing the cause.

3rd. The court erred in not sustaining complainant's bill.

4th. The court erred in not rendering a decree for complainant.

It will only be necessary to discuss the first error assigned. The demurrer admits the allegations in the bill, that are well pleaded, and the question is, when the homestead property exceeds in value $1,000, does the mortgage become a lien, or may it be enforced against that part in excess of $1,000 in valuation.

The demurrer admits the property to be of the value of $3,000 or $4,000. In McDonald v. Crandall, 43 Ill. 236, the Supreme Court in substance say, that when there is no re-

lease of the homestead in the conveyance, and the value of the premises exceeds the exemption, the grantee can enforce his right against the surplus by partition, or otherwise. The fee in the land passes with the conveyance. If the homestead is not released as provided by the statute; and it cannot be released in any other way, the right to continue in the enjoyment, use and occupation of so much of the premises as is exempt from sale, remains with the grantor as long as he occupies the same as his homestead. Any other construction of the statute seems inequitable and unjust. This case is a fair illustration. There is no pretense but what the money was loaned as alleged. That it was an honest and bona fide debt.

The property mortgaged is of sufficient value to pay the debt and also save the statutory exemption to the grantors. By a clerical error in the person drawing the mortgage, the homestead interest of one of the parties is not released. The grantors remain in possession, not alone of that part of the property of the value of $1,000, but of the entire property of the value of three or four times the exemption. This was not the intention of the Legislature. The statute provides that " In the enforcement of a lien in a court of equity, upon premises including the homestead, if such right is not waived or released as provided in this act, the court may set off the homestead and decree the sale of the balance of the premises; or if the value of the premises exceeds the exemption, and cannot be divided, may order the sale of the whole, and the payment of the amount of the exemption to the person entitled thereto," Statute of 1874, chapter 52, Sec. 8. This statute, although enacted since the making of the mortgage, affects the remedy only, and is applicable to this case.

The case of Richards v. Green, 78 Ill. 525, was a bill in equity, filed for the purpose of having the homestead set apart. Green, the appellee, had acquired the title to the premises by virtue of sale made under a deed of trust executed by Richards. The wife of Richards did not sign the deed of trust. Richards deserted his wife, leaving her in the possession of the homestead which she claimed. A decree was rendered in favor of complainants, and commissioners appointed to set apart the home-

stead. In that case it was held that it was the duty of the commissioners to examine the premises and set apart a certain portion thereof of the value of $1,000. The case of Hotchkiss v. Brooks, heard at Ottawa, and opinion filed Nov. 18, 1879, is very like the case now under consideration. It was a bill in equity, filed by Hotchkiss against Sarah Brooks, praying the appointment of commissioners to set apart the homestead interest. The facts are, that Joseph A. Brooks conveyed the premises to the complainant for the sum of $2,500, the grantor and his wife, Sarah, being in possession at the time, as their homestead; that his wife did not sign the deed; that the grantor abandoned the premises, leaving the defendant in possession. The commissioners were appointed, and after examination reported the land to be of the value of $4,750, and not susceptible of division. The report was approved, and decree entered that complainant in ten days pay to the clerk of the court the sum of $1,000 for the use of the defendant, and upon such payment being made, and notice thereof to the defendant, she should in ten days thereafter deliver possession of said premises to complainant. The decree of the Circuit Court was reversed and the bill dismissed in the Appellate Court, and in the Supreme Court the decision of the Appellate Court was reversed and the cause remanded. The Supreme Court say that the homestead which is exempt from levy and sale * * * * * is an estate of homestead to the extent and value of $1,000, occupied as a residence. If the property occupied as a residence was worth five or ten thousand dollars, the owner under the statute would be entitled to a homestead therein of the value of one thousand dollars, and no more. Where there is a conveyance without a release of the homestead exemption, where the value exceeds the exemption, the grantee can enforce his rights against the surplus by petition or otherwise. The remedy in such case is a bill in equity either to set aside the homestead or award $1,000 in lieu thereof. Mix v. King, 66 Ill. 145; Richards v. Green, *supra*. It follows, then, that the judgment of the Circuit Court in sustaining the demurrer and dismissing the bill must be reversed and the cause remanded for further proceedings in consonance with this opinion.

Reversed and remanded.