## Martha E. Worthy v. Susan C. Day et al.

## Susan C. Day, Appellee, v. Charles S. Babcock, Appellant.

INJUNCTIONS—*venue of action to restrain collection of judgment at law.* Where the injunction prayed to restrain the collection of a judgment at law is incidental to the main relief sought, the action need not be instituted in the county wherein such judgment at law was rendered.

·Bill in equity. Appeal from the Circuit Court of Champaign county; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the November term, 1907. Affirmed. Opinion filed April 21, 1908.

JOHN J. REA, for appellant.

WILLIAM E. O'NEILL, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Martha E. Worthy filed her bill in equity in the Circuit Court of Champaign county against Susan C. Day et al. to foreclose a trust deed made by said Day on October 9, 1903, to Charles S. Babcock upon property in the city of Urbana, Illinois, to secure five promissory notes of $1,000 each, due in three years from their date with interest at six per cent. payable semi-annually. In said bill it was alleged that said notes and trust deed had been assigned by Babcock to Worthy and that Babcock had also assigned to Worthy a claim for $4,000 for moneys expended in redeeming the property involved from judgments, tax sales, and other liens, and that there was then due from Day to Worthy upon said two claims with interest unpaid approximately $9,500.

To such bill Susan C. Day filed an answer denying the main allegations made in said bill and demanding strict proof of the same. Upon the issue so closed the cause was referred to the master in chancery of

said court, which cause is still pending before such master undisposed of.

On September 2, 1907, while matters rested as above stated, Susan C. Day filed her cross-bill against Worthy, the complainant in the original bill, and said Charles S. Babcock, appellant herein. In said cross-bill it was alleged in substance that on the ninth day of October, 1903, the date on which the notes and trust deed mentioned in the original bill were executed, Charles S. Babcock was acting as attorney for Day; that prior to that date one Royal Wright had been her attorney, and that she, acting upon the advice of Wright, had transferred to him by deed the property mentioned in the original bill; that Wright, without her consent, had sold a part of the property conveyed to him and had declined to re-convey the remainder to her upon request made, and that thereupon Day employed Babcock to secure for her a re-conveyance of her property from Wright; that being unable to induce Wright to do so Babcock advised her to execute the trust deed sought to be foreclosed in the original bill to prevent Wright from selling or disposing of the property; that there were several trust deeds and judgments which had become liens upon Day's property which she was unable to pay, and that Babcock said to Day that when said liens became due he would negotiate a loan on said notes and mortgage she was to so execute to Babcock and turn the money over to Day, with which she should pay off said various liens; that said Babcock and said Worthy were now claiming that said trust deed and notes of $5,000 were given to Babcock for his fees and advances due to him on account of certain litigation, and that Babcock and Worthy had some agreement, by force of which Worthy was seeking to collect for Day money alleged to be his due for services, a sum excessive, unjust and unfair to Day, and also that Worthy was attempting to recover for Babcock moneys expended by him in connection with such litigation, a sum also unjust and

unfair to Day; that Day never received any part of the $4,000 claimed to have been loaned by Worthy, except a part thereof which may have been expended in redeeming the premises; that Worthy received about $450 for making such loan as commission, with which Day should not be charged; that on the third day of July, 1907, Babcock brought suit in the Municipal Court of Chicago to recover the sum of $10,000, which suit was still pending, upon a statement of account covering precisely the same charges and items of expense that Worthy is attempting to recover by her original bill of complaint; that under such foreclosure proceedings said Babcock and Worthy are attempting to collect unjust and illegal sums for services and advancements; that such alleged unjust claim of Worthy and the unjust claim of Babcock in his suit at law were brought to recover precisely the same alleged claims. In said cross-bill Day offered to pay to Worthy the sum advanced by her which had been expended for the benefit of Day and to pay to Babcock any sum which he was justly entitled to for services and for money properly expended by him in her interest, as to the court might seem fair and just; that by reason of the pendency of said two suits involving precisely the same alleged claims Day is unable to determine to whom she is indebted and fears that she may be compelled to pay the same alleged obligation twice, unless an accounting can be had between the parties and Babcock enjoined until such case can be finally determined. In her cross-bill she prays for an accounting between Worthy, Babcock and herself, and that a decree may be rendered determining all matters between them and for an injunction restraining Babcock from pressing his suit at law until a hearing could be had on such cross-bill.

To this cross-bill Babcock entered his limited appearance and made a motion to dismiss such bill. This motion was overruled by the court and a tem-

porary injunction ordered, from which order this appeal is prosecuted.

Appellant does not question the sufficiency of the cross-bill but bases his motion to dismiss upon the ground that as the parties to the controversy live in Cook county and that as the suit at law between Babcock and Day was brought in Cook county, the Circuit Court of Champaign county had no jurisdiction in the premises and could not award a temporary writ of injunction and in support of that contention relies upon section 4 of chapter 69 of the Revised Statutes of Illinois, which reads as follows: ''When an injunction shall be granted to stay a suit or judgment at law, the proceeding shall be had in the county where the judgment was obtained or the suit is pending.'' This section of the statute was before our Supreme Court in Hayes v. O'Brien, 149 Ill. 403, where it was held that if such a bill is filed simply to enjoin proceedings at law it could only be brought in the county where the proceedings at law are pending, but that if such was not the primary object of the bill and the court had jurisdiction of the main purposes of the bill then the court under such a bill would have the right to grant an injunction as ancillary or incidental relief so as to make the relief granted complete.

In the case before us Worthy had filed her bill in the Circuit Court of Champaign county and had submitted her claim against Day to the jurisdiction of that court. In that bill she was seeking to recover from Day the exact sum or sums of money from Day which Babcock would recover from her in his suit at law in Cook county unless he be restrained therefrom by injunction. Day, in her cross-bill, offers to pay whatever sum a hearing may show she owes to either Worthy or Babcock. The cross-bill seeks to prevent her being called upon to pay the same debt twice. We think it clear that the injunction was not the primary object of the cross-bill, but that such cross-bill was properly filed to have determined what, if anything, Day owed

and to which one of the defendants in such bill it was payable and until that question could be fully determined it was proper, as incidental to the main relief sought, to restrain the prosecution of the suit at law. It is also clear that as the trial court had jurisdiction of Worthy by the filing of her original bill it was competent and proper under section 34 of chapter 22 of the Revised Statutes for Day, under her cross-bill, to make Babcock a defendant to such cross-bill as a new party.

The decree of the trial court in awarding the temporary injunction was right and is affirmed.

*Affirmed.*