## Martha E. Worthy, Appellant, v. Kenner S. Boreman et al., Appellees.

1. CHANGE OF VENUE—*when application not in apt time.* "A party cannot wait until a cause is on trial and until the court has intimated an opinion on the merits of the cause from the evidence, and then obtain a change of venue."

2. SOLICITOR'S FEES—*when allowance will not be disturbed.* Notwithstanding a chancellor would have been justified in allowing a larger sum for solicitor's fees than that awarded, the sum fixed by the decree will not be disturbed unless clearly inadequate.

Bill in chancery. Appeal from the Circuit Court of Champaign county; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the May term, 1909. Affirmed. Opinion filed December 7, 1910.

WILLIAM GARNETT and J. J. REA, for appellant; C. S. BABCOCK, *pro se.*

WILLIAM E. O'NEILL and A. D. MULLIKEN, for appellee, SUSAN C. DAY.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

Upon a former appeal of this cause to this court, a decree granting an injunction upon the cross-bill herein was sustained. The antecedent pleadings and proceedings are substantially detailed in the opinion then rendered. Worthy v. Day, 143 Ill. App. 274. After remandment Babcock filed a plea to said cross-bill alleging that inasmuch as none of the parties to said cross-bill resided in Champaign county, and that the proceeding was not local in nature, the Circuit Court of Champaign county had no jurisdiction, which plea was overruled. A demurrer interposed by Mrs. Worthy to the cross-bill was also overruled.

On January 7, 1909, the master in chancery filed his report on the original bill, answer, and evidence taken by him, wherein he found the issues for the complainant and that Mrs. Day was indebted to Mrs. Worthy in the sum of $9,412, being the face of the note and interest, together with the sum of $4,000 found to have been expended in freeing the premises of prior liens, and the further sum of $300 solicitor's fees, and recommended a decree therefor. Mrs. Day filed exceptions to said report, and after hearing the same the chancellor reserved his decision thereon until the issues upon the cross-bill should be determined. Mrs. Worthy then filed a plea to the cross-bill setting up that an accounting had already been had in the proceedings under the original bill and answer, as to the matters alleged in the cross-bill. This plea was overruled, whereupon Mrs. Worthy answered the cross-bill denying all of the allegations of the same so far as they charged combination or attempt to collect sums of

money from Mrs. Day not justly due, and further denying that the note and trust deed were given to raise money to discharge the liens upon the property; alleging that Mrs. Worthy had paid Babcock the sum of $5,000 in addition to the sum of $4,000 and was the absolute owner of the notes secured by the trust deed, and denying that the suit in the Municipal Court was for the purpose of recovering the same sums sought to be recovered by the original bill; alleging that Mrs. Day was estopped by a decree of the Champaign Circuit Court entered April 4, 1904, in the case of the Citizens Building Association against said Susan C. Day, Chicago Title & Trust Company and others, wherein the said court found that on October 9, 1903, said Susan C. Day executed said trust deed to secure the notes in question and that said notes were unpaid, and that the trust deed was a valid lien upon said premises, and further by another decree entered in said court on June 4, 1904, in the case of Urbana Home Loan Association against the said Susan C. Day and the Chicago Title & Trust Company wherein similar findings were made.

On February 29, 1908, Mrs. Worthy and Babcock filed their petition for a change of venue, setting up the prejudice of the presiding judge, and that knowledge thereof had come to Mrs. Worthy on February 26, 1908, and to Babcock on February 21, 1908, and that application had been made at the first sitting of the court held after such knowledge had come to them. The court on the same day overruled the petition for a change of venue and entered a default against Babcock for failure to answer, and sustained a demurrer to the plea of Mrs. Worthy. The cause afterward came on for hearing on the cross-bill and answer, and the report of the master in chancery. The chancellor entered a decree finding, in substance, that prior to and at the time the notes were executed and delivered, Babcock had been and was acting as the attorney and solicitor for Mrs. Day in certain litigation in which

she was involved, and continued so to act until March, 1906; that said notes were given in order that Babcock might hypothecate the same and use such of the proceeds as was necessary to protect the property mortgaged from being sacrificed by the enforcement of certain liens upon the same, and to the extent of the excess to secure to Babcock payment for legal services theretofore and thereafter to be rendered by him; that Babcock thereafter borrowed of Mrs. Worthy the sum of $4,000 and to secure re-payment of the same assigned said notes to her, and with the money so borrowed paid off the liens upon the property. The decree further finds that a reasonable compensation for the legal services of Babcock was the sum of $3,000; that Mrs. Worthy was entitled to a decree for the sum of $4,000 advanced by her, with interest, and the sum of $300 as her reasonable solicitor's fees; that Babcock was entitled to the excess by reason of his lien upon the same for his services, and to a personal decree against Mrs. Day for the amount remaining due him over and above such excess; that Mrs. Day had paid to Babcock the sum of $1,188.91, which he had applied on the payment of expenses incurred in her behalf, but that inasmuch as Babcock had failed to keep any account of the money claimed by him to have been paid out for the use of Mrs. Day, it was impossible to determine the amount thereof. The decree further finds that the action instituted by Babcock against Mrs. Day in the Municipal Court of Chicago, other than the claim for rent, was for the same legal services for which he was seeking to recover in the suit at bar, and that the injunction theretofore issued against the prosecution of said action should be and was made perpetual except as to such claim for rent. The decree directed that Mrs. Day pay to Babcock the sum of $1,000 and to Mrs. Worthy the sum of $4,807.30, together with $300 solicitor's fees, and that in default thereof the premises be sold, etc., and further that

she pay to Babcock the sum of $3,000 together with legal interest thereon from March 20, 1909. To reverse such decree this appeal is prosecuted by Mrs. Worthy and Babcock has assigned a number of cross-errors.

It is assigned as error that the chancellor erred, (1) in refusing to grant a change of venue; (2) in not sustaining the demurrer of Mrs. Worthy to the cross-bill; (3) in refusing to dismiss said cross-bill because the allegations of the same were not supported by the evidence; (4) in refusing to hold that as holder of the notes as collateral security, Mrs. Worthy was entitled to a decree of foreclosure for $9,000 and interest, and (5) that the amount allowed to Babcock for legal services was inadequate under the evidence.

We do not think the chancellor erred in refusing to grant the motion of appellant and Babcock for a change of venue. The abstract of the record discloses that exceptions to the master's report on the original bill were argued on January 25, 1908, by Babcock in person, and by the solicitor for Worthy, and that they also filed written briefs, whereupon the court took the case under advisement, reserving his finding until a final hearing on the cross-bill. We are of opinion that the motion was not filed in apt time. "A party cannot wait until a cause is on trial and until the court has intimated an opinion on the merits of the cause from the evidence, and then obtain a change of venue. Such practice would lead to endless delay in the trial of causes, and it is not authorized by the statute and cannot be encouraged." Richards v. Greene, 78 Ill. 525. We are of opinion that the chancellor was fully warranted in overruling the motion for change of venue. The question as to the propriety and sufficiency of the cross-bill is practically disposed of by our former opinion.

We are satisfied after a full consideration of all the evidence upon the question, that while the chancellor would have been warranted in allowing a larger amount to Babcock for his legal services, the sum found by the

decree was not so inadequate as to warrant our distributing such finding. "In taxing such fees the chancellor should exercise his own judgment and not be wholly governed by the opinion of attorneys as to the value of the services. He had the requisite skill and knowledge to form some idea as to what is a fair and reasonable compensation, and he should exercise that judgment. He should no doubt consider the opinions of witnesses and evidence of the sum usually charged and paid for such services, but should not be wholly controlled by the opinions of attorneys as to their value." Goodwillie v. Millimann, 56 Ill. 523. The chancellor properly refused to allow Babcock's claims for moneys advanced by him. The only evidence offered to sustain the same was that of Babcock himself, and it is too indefinite and vague upon which to base a finding. The proof should have gone to the separate items of the claim. We do not regard it sufficient to support a finding in his favor for any particular fixed sum.

We cannot say that the evidence in support of the allegations of the cross-bill was clearly insufficient to warrant the finding of the chancellor that the same were true. It tends to show that the notes and trust deed were given for the purpose of raising funds to liquidate the various liens against the real estate and not to secure the amount due Babcock for his legal services, and expenses, as claimed by appellant, but that the giving by Babcock of his note to Worthy, for $4,000, and assigning the trust deed as collateral security therefor, was in furtherance of an attempt to bring within the lien of the trust deed his claim for compensation, the amount of which the chancellor has held to be unwarranted by the evidence.

The decree of the Circuit Court was proper and is affirmed.

*Affirmed.*

Mr. Justice Philbrick took no part in the consideration and determination of the appeal.